NOTE: CHANGES MADE BY THE COURT

Paula L. Zecchini, California Bar No. 238731
Email: pzecchini@ringbenderlaw.com
**RING BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614
Telephone.: (949) 202-5810
Facsimile:   (949) 679-7939

Charles P. Moure (*pro hac vice*)
Email: charles@harrismoure.com
Rebecca L. Millican (*pro hac vice*)
Email: rebecca@harrismoure.com
**HARRIS MOURE, PLLC**
600 Stewart Street, Suite 1200
Seattle, Washington 98101
Telephone: (206) 224-5657
Facsimile: (206) 224-5659

Attorneys for Defendants
SEA SHEPHERD CONSERVATION SOCIETY
and PAUL WATSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADY GIL, an individual, and ADY GIL WORLD CONSERVATION, a California Not-for Profit Corporation, | Case No.  CV 14-07049- GW (PLAx) |
| | Assigned to Hon. George H. Wu |
| Plaintiffs, | |
| v. | **STIPULATION AND PROTECTIVE ORDER** |
| SEA SHEPHERD CONSERVATION SOCIETY, a California corporation, PAUL WATSON, an individual, FARAH SMITH, an individual; and DOES 1 through 20, inclusive, | |
| | Complaint Filed: June 17, 2014 |
| | Trial Date: Not Assigned |
| Defendants. | |

The parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of the named parties in this case, Plaintiffs ADY GIL and ADY GIL WORLD CONSERVATION (collectively "Plaintiffs") and Defendants SEA SHEPHERD CONSERVATION SOCIETY and PAUL WATSON (collectively "Defendants"), as well as other parties who may be added to this case at a later date, and non-parties, which may be protected under constitutional, statutory, or common law rights to privacy, be subject to contractual restrictions, or constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information.

Without waiver of objections to the discoverability of any documents, the parties intend to provide a mechanism for the discovery of relevant information, otherwise not objectionable, in a manner which protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential Information.

NOW, WHEREFORE, good cause having been shown, the parties in the above-captioned litigation hereby STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1. <u>Introduction and Scope</u>

This action involves, among other things, Defendants' business operations, and as such may require the production of information not currently in the public domain which contains confidential and proprietary trade secrets, or other confidential information, including without limitation, employee, business, financial, privacy, donor, and other proprietary information.

This Protective Order shall protect against the disclosure of such confidential and private information that should not be publicly available and shall govern any designated record or information produced in this action, including all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated testimony, interrogatory answers, documents and other

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery.

2. <u>Designation – CONFIDENTIAL</u>

Each party shall have the right to designate as confidential and subject to this Protective Order anything, information, document, or portion of any document produced or prepared by it in this litigation which the producing party deems to contain trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, employee, business, financial, privacy, donor, and other proprietary information ("Confidential Information").

This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL, at or before production to the receiving party. In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstance, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel.

Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

3. <u>Limit on Use of Confidential Information</u>

Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order only for the purpose of prosecution, defense, or settlement of the above-captioned action; no party or other person shall use any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense, or settlement of the above-captioned action.

4. <u>Material Designated CONFIDENTIAL</u>

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving party on a need-to-know basis (i.e., for the purposes set forth in Paragraph 3, supra) and only to:

   a. Attorneys who represent the receiving party, including outside litigation and in-house counsel, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

   b. Experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial at this matter, and subject to Paragraph 5, infra;

   c. Non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the

      performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation;

   d. Non-party witnesses in connection with their testimony either in deposition or in a court hearing;

   e. The Court and Court personnel ~~as provided in Paragraphs 10 and 12, infra~~;

   f. The parties to this action, but only for purposes of this proceeding; and

   g. Author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information.

5. <u>Related Documents</u>

Confidential Information designated shall include (a) all copies, extracts, and complete or partial summaries prepared from such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (c) portions of affidavits, briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; and (d) deposition testimony designated in accordance with Paragraph 6, infra.

6. <u>Designation of Deposition Transcripts</u>

Deposition transcripts, or portions thereof, as well as exhibits that have not otherwise been designated pursuant to this Protective Order may be designated as subject to this Protective Order either: (i) At the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the designating party may direct; or (ii) Within ten (10) calendar days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript

in their possession or under their control as directed by the designating party.

7. Disclosure to Author or Recipient

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing any document designated as CONFIDENTIAL to any person whom the document clearly identifies as the author or a recipient or the subject of such document and regardless of designation pursuant to this Protective Order, but only for the purposes set forth in Paragraph 4, supra. The person viewing such documents shall not be permitted to retain copies of any of the documents, unless that person is authorized to do so under other provisions of this Protective Order.

8. Designation of Documents Under Seal

Any Confidential Information designated CONFIDENTIAL, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Protective Order. The party filing any paper that reflects, contains, or includes any Confidential Information subject to this Protective Order shall file such paper in accordance with the Federal Rules of Civil Procedure for the filing of documents under seal, as well as the applicable Local Rule of the Central District of California, and shall filed such documents in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, and the legend CONFIDENTIAL – FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER OF THIS COURT.  **Good cause for the under seal filing must be shown.**

9. Confidentiality of Party's Own Documents

No person may disclose any Confidential Information, except as provided in this Protective Order

10. Preparation of Witness and Exhibit Designation

Any party may mark any Confidential Information designated as CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and

examine any witness provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

### 11. Other Protections; Challenge to Confidentiality Designation

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such party may consider appropriate. No party shall be precluded from: (a) claiming that any Confidential Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting a disclosure or use of Confidential Information otherwise prohibited by this Protective Order; or (c) applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

If any party receiving Confidential Information objects to the classification of such Information and the parties cannot resolve the objection informally, then the objecting party shall notify the producing party in writing of the same. Within 10 days thereafter, the producing party may move for an order to determine whether the Information has been properly designated. **The procedure set forth in Local Rule 37 must be followed**. In such an event, the burden shall remain on the Producing Person to demonstrate that protection of the information is proper. Pending resolution of any such motion, all persons bound by this Protective Order shall continue to treat the Information which is the subject of the motion as CONFIDENTIAL.

### 12. Prior or Public Knowledge

The restrictions and obligations set forth herein relating to documents and things marked CONFIDENTIAL shall not apply to any information which the parties agree in writing, or if they are unable to agree, the Court determines: (a) was or becomes public knowledge other than as a result of disclosure by the receiving

party; or (b) has come or shall come into the receiving party's lawful possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL if that person already had or obtained lawful possession thereof other than pursuant to this Protective Order. Nothing in this Protective Order shall affect or restrict use or disclosure of documents or things obtained other than through discovery pursuant to this Protective Order.

13. Limitation of Protective Order

This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate.

14. Compulsory Service from a Non-Party

If a party in possession of Confidential Information designated CONFIDENTIAL is served with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such designated information, such party ("Subpoenaed Party") shall, within five (5) business days, give prompt written notice to counsel for the party who designated the Confidential Information as CONFIDENTIAL identifying the designated information sought and enclosing a copy of the subpoena, request, or interrogatory. The Subpoenaed Party shall make timely objections to the production of the designated information, including by referencing the existence of this Protective Order, and the Designating Party may intervene without opposition from the Subpoenaed Party to object to the production of the designated information. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. Nothing herein shall be construed as requiring the Subpoenaed Party, or any party, to challenge or oppose any court order requiring production of the designated information, or subject itself to the risk of sanctions or penalty arising

1 from non-compliance with any such legal process or court order.

### 15. Return of Designated Information

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all Confidential Information designated as CONFIDENTIAL including all copies (whether in the possession of the party, counsel, experts, or non-parties), extracts and summaries thereof, to the party from whom the such designated Confidential Information was obtained, except that any documents or copies which contain or constitute attorney's work product may be retained by counsel, or destroyed.

### 16. Privileged Information

The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim or privilege or protection afforded to the privileged information. Upon receiving written notice from the producing party that privileged information has been inadvertently produced, the receiving party shall immediately return all such privileged information, and all copies thereof, to the producing party. Such return shall be without prejudice to, and does not waive, any claim by the returning party that the returned document(s) are not protected by a privilege, provided however, that nothing contained in the returned document(s) shall be used by the returning party to establish the alleged lack of privilege.

### 17. Waiver or Termination of Protective Order

This Protective Order shall not be deemed a waiver of any party's right to seek an order compelling discovery with respect to any discovery request; any party's right to object to any discovery or the production of any information or documents; any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or any party's right to use its own documents produced in this litigation with complete discretion.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each

designating party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

### 18. Modification of Protective Order

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties subject to approval of the Court.

### 19. Destruction of Documents

Upon final resolution of this litigation, including all appeals, all Information designated as CONFIDENTIAL shall be destroyed by the party possessing the Information unless the Producing Person requests its return, in which case all the Information shall be returned within 30 days.

20. Paragraph Captions

The Title Captions for each paragraph are for convenience only, and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

Dated: November 12, 2014        **RING BENDER LLLP**

By: */s/ Paula Zecchini*
Paula L. Zecchini

Dated: November 12, 2014        **HARRIS MOURE, PLLC**

By: */s/ Charles Moure*
Charles Moure
Attorneys for Defendants
SEA SHEPHERD CONSERVATION
SOCIETY and PAUL WATSON

Dated: November 12, 2014        **MAZZARELLA & MAZZARELLA**

By: */s/ Mark C. Mazzarella*
Mark C. Mazzarella
Attorneys for Plaintiffs
ADY GIL and ADY GIL WORLD
CONSERVATION

**ORDER**

**IT IS SO ORDERED.**

Dated: November 11, 2014        By: *Paul L. Abrams* (signature)

Paul L. Abrams
United States Magistrate Judge